NORTHERN DISTRICT OF TEXAS

**FILED**

JUL 1 7 2018

CLERK, U.S. DISTRICT COURT

By _____

Deputy

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **Northern, Texas at Amarillo** |
|---|---|
| Name *(under which you were convicted)*: **CUNNINGHAM, Richard Charles, Jr.** | Docket or Case No.: **2:16 Cr 62 D BB (3)** |
| Place of Confinement: **F.C.I. Florence** | Prisoner No.: **89315-051** |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* |
| v. | **Richard Charles Cunningham, Jr.** |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:
    United States District Court, Northern District of Texas at Amarillo
    J. Marvin Jones, Federal Building; 205 E. Fifth Avenue: Room 103
    Amarillo, Texas   79101

    (b) Criminal docket or case number (if you know): 2 16 Cr 62 D BB (3)

2.  (a) Date of the judgment of conviction (if you know): July 11, 2017
    (b) Date of sentencing: July 10, 2017

3.  Length of sentence: 169 Months of Imprisonment followed by Two(2) years Supervised Release

4.  Nature of crime (all counts):
    18 United States Code, Section 2113(a) & 2 (Aiding and Abetting a Credit Union Robbery—COUNT III of the Superceding Indictment filed January 11, 2017.

    _____

5.  (a) What was your plea?  (Check one)
    (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    **N/A**

    _____

6.  If you went to trial, what kind of trial did you have? (Check one) **N/A**  Jury ☐     Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?  **N/A** Yes ☐     No ☐

Page 2 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?     Yes [X]     No [ ]

9. If you did appeal, answer the following:

    (a) Name of court:  5th Circuit Court of Appeals

    (b) Docket or case number (if you know):  Appeal Number: 17-10818

    (c) Result:  Affirmed pursuant to Anders v. California, 386 U.S. 738 (US,1967)

    (d) Date of result (if you know):  N/A

    (e) Citation to the case (if you know):  United States v. Richard C. Cunningham, Jr.

    (f) Grounds raised:  See, Anders v. California, 368 U.S. 738 (US, 1967).

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes [ ]     No [X]

    If "Yes," answer the following:

    (1) Docket or case number (if you know):  N/A

    (2) Result:  N/A

    (3) Date of result (if you know):  N/A

    (4) Citation to the case (if you know):  N/A

    (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes [ ]     No [X]

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  N/A

    (2) Docket or case number (if you know):  N/A

    (3) Date of filing (if you know):  N/A

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? **N/A**

       Yes ☐    No ☐

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: **N/A**

(2) Docket of case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? **N/A**

       Yes ☐    No ☐

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: **N/A** Yes ☐    No ☐

(2) Second petition: **N/A** Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: **N/A**

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**\* \* \* Notice is hereby given that Petitioner's RIDER in Support is attached herewith and supports each individual claim for redress.**

AO 243 (Rev. 09/17)

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE:   <u>UNDER THE GUIDING HAND OF COUNSEL, PETITIONER ENTERED A PLEA OF GUILTY TO A NON-FEDERAL OFFENSE——(Ineffective Assistance of Counsel)</u>.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): 18 U.S.C. § 2113 makes it a crime against the laws of the United States to enter any credit union and by force, violence or intimidation take or attempt to take from a person, or in the presence of another, or obtain, or attemp to obtain by extortion any property or money or any thing of value. §(g) of the statute admonishes that the credit union must be a federal credit union, or State chartered credit union of which the accounts are insured by the National Credit Union Association Board. <u>Id</u>.

Petitioner was convicted pursuant to a guilty plea for his role in the robbery of Education Credit Union, a credit union whose account were insured by **Prosight Specialty Insurance**. At the advice of counsel, the plea settled the case under the guise that the robbery constituted a violation of federal criminal law. After it was discovered that the accounts were <u>not ensured by the required NCAB, ineffective assistance materializ</u>ed.

(b) Direct Appeal of Ground One:

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☒

(2)  If you did not raise this issue in your direct appeal, explain why: Please refer to the Supreme Court's holdings in **Massaro** v. United States, 538 U.S. 500 (US, 2003)(claim better raised on collateral review where record on issues better developed).

(c) Post-Conviction Proceedings:

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☒ **This is the first bite at the collateral review apple.**

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   **N/A**

Name and location of the court where the motion or petition was filed:

**N/A**

Docket or case number (if you know):   **N/A**

Date of the court's decision:   **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☒

Page 5 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

    (4)  Did you appeal from the denial of your motion, petition, or application? **N/A**

          Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? **N/A**

          Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state: **N/A**

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know):   **N/A**

Date of the court's decision:   **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

GROUND TWO: **PETITIONER IS FACTUALLY INNOCENT OF ROBBING A CREDIT UNION WHOSE ACCOUNT WERE INSURED BY THE NATIONAL CREDIT UNION ASSOCIATION BOARD**

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Please see R I D E R in Support**

(b) **Direct Appeal of Ground Two:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue? **N/A**

          Yes ☐     No ☐

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why: **N/A**

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application? **N/A**

Yes ☐   No ☐

(2)  If you answer to Question (c)(1) is "Yes," state: **N/A**

Type of motion or petition:  **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know):  **N/A**

Date of the court's decision:  **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3)  Did you receive a hearing on your motion, petition, or application? **N/A**

Yes ☐   No ☐

(4)  Did you appeal from the denial of your motion, petition, or application? **N/A**

Yes ☐   No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? **N/A**

Yes ☐   No ☐

(6)  If your answer to Question (c)(4) is "Yes," state: **N/A**

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know):  **N/A**

Date of the court's decision:  **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

GROUND THREE: __COUNSEL'S APPEAL PERFORMANCE FELL BELOW AN OBJECTIVE STAN-__
__DARD OF REASONABLENESS, AND THAT DEFICIENT PERFORMANCE WAS PREJUDICIAL.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

### Please see  R I D E R  in Support

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? **N/A**

Yes ☐     No ☐

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? **N/A**

Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state: **N/A**

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion, petition, or application? **N/A**

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application? **N/A**

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? **N/A**

Yes ☐     No ☐

Page 8 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state: **N/A**

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know):    **N/A**

Date of the court's decision:    **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

**GROUND FOUR:**   <u>THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION</u>
<u>AND LAWS OF THE UNITED STATES</u>

   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Please see R I D E R in Support**

(b) Direct Appeal of Ground Four:

   (1) If you appealed from the judgment of conviction, did you raise this issue? **N/A**

     Yes ☐    No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:   **N/A**

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application? **N/A**

     Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state: **N/A**

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3)   Did you receive a hearing on your motion, petition, or application? **N/A**

Yes ☐         No ☐

(4)   Did you appeal from the denial of your motion, petition, or application? **N/A**

Yes ☐         No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? **N/A**

Yes ☐         No ☐

(6)   If your answer to Question (c)(4) is "Yes," state: **N/A**

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The claims presented herein were not presented on direct review because the record was not fully developed, and Petitioner was subjected to ineffective assistance of counsel.

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: The Federal Public Defender's Office; at Amarillo

(b) At the arraignment and plea: **Brian W. Farabough: Levell, Lovell, Isern & Farabough, Attorneys at Law; 112 West Eighth Avenue, Suite 1000 Amarillo, Texas 79101**

(c) At the trial:
**N/A**

(d) At sentencing:
**Brian W. Farabough**

(e) On appeal:
**Brian W. Farabough**

(f) In any post-conviction proceeding:
**Pro Se**

(g) On appeal from any ruling against you in a post-conviction proceeding:
**N/A**

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
**N/A**

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☒     No ☐

Page 11 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Motion pursuant to 28 U.S.C.§ 2255 is timely pursuant to subsection (f)(1). Although Petitioner was subjected to an appeal waiver as part of the plea agreement, the conditions of that waiver includes the right to seek collateral redress on the premise of the voluntariness of the plea, and claims of ineffective assistance of counsel. As such, this Motion is timely and properly filed before the Court.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: Petitioner pray release by writ of habeas corpus; or alternatively, resentencing; or an evidentiary hearing, and for all other relief just and sound under the circumstances of this case.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___July 10th 2018___.
(month, date, year)

Executed (signed) on ___7/10/18_____ (date)

_Chars Crm_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Print     Save As...     Add Attachment          Reset

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AT AMARILLO

RICHARD CHARLES CUNNINGHAM,

       Petitioner,

       v.

THE UNITED STATES OF AMERICA,

       Respondent       /

CASE NO.:
(to be determined by the clerk)
**EVIDENTIARY HEARING DEMANDED**

**PETITIONER'S RIDER IN SUPPORT OF THE ATTACHED MOTION PURSUANT TO 28 U.S.C. § 2255: PRESENTING DEFENSE AGAINST A SENTENCE IMPOSED IN VIOLATION OF THE CONSTITUTION AND LAWS OF THE UNITED STATES**

A.

<u>INTRODUCTION</u>

Petitioner is Richard Charles Cunningham, Jr. In the Case of United States v. Cunningham, he was found guilty pursuant to a plea agreement for his role in a robbery of the **Education Credit Union**— "the accounts of which are insured by" **ProSight Specialty Insurance.** At the outset of the guilty plea, Cunningham's plea contract excludes any mentioning of the essential element "**National Credit Union Administration Board**—an essential element of a violation of 18 U.S.C.§ 2113—Credit Union Robbery. He contends because the plea contract was constitutionally deficient, <u>See</u>, **Boykin v. Alabama**, 395 U.S. 238, 244 (US, 1969); **United States v. Reyes**, 300 F.3d 555, 558 (CA5, 2002) and because same is premised on ineffective assistance of counsel, **Strickland v. Washington**, 466 U.S. 668, 693 (US, 1984); **Motley v. Collins**, 18 F.3d 1223, 1226 (CA5, 1994), and inconsistent with the full panoply of due process, **In Re Winship**, 397 U.S. 358 (US, 1970), the conviction and sentence are grounded in fundamental defect which inherently results in a miscarriage of justice. **28 U.S.C.§ 2255**(a); also, **Hill v. United States**, 368 U.S. 424 (US, 1962), and thus, must be vacated.

B.

## STATEMENT OF ISSUES PRESENTED FOR REDRESS

I.      UNDER THE GUIDING HAND OF COUNSEL, PETITIONER ENTERED A PLEA OF GUILTY
        TO A NON-FEDERAL OFFENSE——(Ineffective Assistance of Counsel)

II.     PETITIONER IS FACTUALLY INNOCENT OF ROBBING A CREDIT UNION WHOSE ACCOUNTS
        WERE INSURED BY THE NATIONAL CREDIT UNION ADMINISTRATION BOARD——

III.    COUNSEL'S APPEAL PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASON-
        ABLENESS, AND THAT DEFICIENT PERFORMANCE WAS PREJUDICIAL——

IV.     THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION AND LAWS OF
        THE UNITED STATES——

C.

## STATEMENT OF THE CASE

On March 21, 2017, Petitioner was found guilty by guilty plea for his role in a robbery of a credit union. That guilty plea incorporated a waiver of certain rights guaranteed to this Petitioner by the Constitution and laws of the United States. Particularly, that waiver included the relinquishment of Petitioner's basic right to appeal or otherwise challenge the sentence with the exception of instances where the sentence is beyond the statutory maximum punishment; arithmetic errors; challenges to the voluntariness of the plea of guilty; and claims of ineffective assistance of counsel.

Subsequently, the case proceeded to sentencing, and during that proceeding imposed a term of 169 Months which included specific offense characteristic findings that ran afoul of the fundamental protections guaranteed by the due process of law. See infra @ CLAIM IV.

-2-

An appeal followed, and pursuant to **Anders** v. California, 368 U.S. 738 (US, 1967), counsel on appeal claimed there were no non-frivolous issues in support of the appeal. This unconscionable pun indeed fell below an objective standard of reasonableness and that deficient performance was prejudicial, e.g., **Strickland** v. Washington, 466 U.S. 668 (US, 1984). See infra @ CLAIM III.

Reasons for GRANTING this Motion follow.

----

D.

## JURISDICTION

Jurisdiction is conferred on the Court pursuant to 28 U.S.C.§ 2255, which provides relief to this Petitioner who suffers from a sentence imposed in viola- tion of the Constitution and laws of the United States. Id. **Davis** v. United States, 417 U.S. 333 (US, 1974).

E.

## REASONS FOR GRANTING THIS MOTION

### I. UNDER THE GUIDING HAND OF COUNSEL, PETITIONER ENTERED A PLEA OF GUILTY TO A NON-FEDERAL OFFENSE—

The constitutionality of the process by which the trial judge accepted the Petitioner's guilty plea is irreconcilable with the full panoply of due process of law because counsel for Petitiioner advised him to admit guilt to a non-federal offense. For instance, recall the plea contract as extended by this Court's plea colloquy. In that, there was an occasion for the Court to inform Petitioner of the nature and cause of the accusation, and the penalties associated with such, **Padilla** v. Kentucky, 599 U.S. 356 (US, 2010); **Jae Lee** v. United States, 137 S.Ct. 1958 (US, 2017). But, as to the elements of the offense of convition, there was no occasion to inform Petitioner that the credit

union robbery's accounts must be ensured by the National Credit Union Administration Board. Petitioner, however charges this failure to counsel, who was charged with the pre-trial duties to assist Petitioner at critical stages of the prosecution. **Strickalnd**, 466 U.S. at 689, 691; **Rompilla** v. Beard, 545 U.S. 374 (US, 2005)(lawyer bound to make reasonable efforts to obtain and review material he knows the prosecution will rely upon); See, also, **Williams** v. Taylor, 529 U.S. 362 (US, 2000)(obligating counsel to investigate); **Bower** v. Quarterman, 497 F.3d 459 (CA5, 2007)(collecting cases). He contends, defense counsel's performance fell below an objective standard of reasonableness during the critical plea stage of the case, and that deficient performance lead to the conviction of one who is actually innocent of violating 18 U.S.C. § 2113, Credit Union Robbery, **Murray v. Carrier**, 477 U.S. 478 (US, 1986). In fact, the failure of counsel denied Petitioner the assistance of counsel in "circumstances that are so likely to prejudice [Petitioner] that the cost of litigating [the] effect in [this] particular case is unjustified." United States **v. Cronic**, 466 U.S. 648, 658 (US, 1984). For instance, there is a reasonable probability that but for counsel's erroneous advice, Petitioner would have rejected the guilty plea, where the record of the case is undoubtedly inadequate to show that the accounts the **Education Credit Union** were insured by the **National Credit Union Administrative Board**, and thus Petitioner knowingly and intelligently pleaded guilty, **Boykin**, supra, 395 U.S. at 242. Counsel's failure to inform Petitioner as to the elements of the crime of robbery of a credit union deprived Petitioner of a trial by causing him to accept a plea, **Hill v. Lockhart**, 474 U.S. 52, 59 (US, 1985), for a crime for which by it's very terms he did not commit, **In Re Winship**, 397 U.S. at 364 ("Due Process requires proof beyond a reasonable doubt of every

-4-

element that makes up the offense of conviction). In **Connecticut National Bank v. Germain**, 503 U.S. 249 (US, 1992), the United States Supreme Court found that the legislature says in a statute what it means and means in a statute what it says there, **id.**, 545 U.S. at 253-254; **Dodd v. United States**, 545 U.S. 353, 359 (US, 2005). Thus, to violate § 2113 by robbery of a credit union, Congress has made it an element that Petitioner commit robbery by force, and intimidation, by taking or attemting to take, from a person and in the presence of employees of the Education Credit Union— a credit union whose accounts were insured at the time of the robbery),by the National Credit Unions Administration Board. **Cf.**, **Magwood v. Patterson**, 561 U.S. 320, 334 (US, 2013)("We cannot replace the actual text with speculation as to Congress' intent").

As noted above, under the guiding hand of counsel, Petitioner, Cunningham entered a guilty plea for his role in a credit union robbery. As further noted above, the account were insured by ProSight Insurance. In convincing Petitioner to plead guilty, counsel never admonished Petitioner as to the elements of the offense, nor explained to Him what conduct he was pleading to. In fact, other than threats that if Petitioner proceeded to trial he would receive a life term of imprisonment—counsel provided no advice at all, **Kimmelman v. Morrison**, 477 U.S. 365 (US, 1986). For instance, recall the plea contract attached herewith. As the Court can see from the contract, there is no mentioning of the elements of the offense to which Petitioner pleaded, nor does the record show that counsel explained same, **United States v. Washington**, 480 F.3d 309, 315 (CA5, 2007); **Strickland**, 466 U.S. at 684-687. Indeed, under such a premise, counsel should not have advised Petitioner Cunningham to plead guilty. But for counsel's failure to explain the conduct to which Petititoner was pleading, and to apprise him on the elements of the offense for which the United States must prove beyond a reasonable doubt, Petitioner would have rejected the plea and proceeded to trial, **Hill,**

-5-

474 U.S. at 59. For this, Petitioner respectfully urges discharge by writ of habeas corpus on the ground of ineffective assistance of counsel. He contends, counsel advice that he plead guilty to a crime that lacks an essential element of the federal offense was wholly deficient under **Strickland**, and that deficient performance was prejudicial, **Id.** 466 U.S. at 690.

## II. PETITIONER IS FACTUALLY INNOCENT OF ROBBING A CREDIT UNION WHOSE ACCOUNTS WERE INSURED BY THE NATIONAL CREDIT UNION ADMINISTRATION BOARD—

There can be no debate whether Petitioner's conduct reaches 18 U.S.C.§ 2113 et seq. Credit Union Robbery. For example, as we have established above, the accounts of the **Education Credit Union** were insured by **ProSight Insurance,** and not the federal jurisdiction element: **National Credit Union Administration Board,** which effectively renders the crime a non-federal offense, **Connecticut National Bank v. Germain,** 503 U.S. 249 (US, 1992)(We must presume the legislature says in a statute what it means and means in a statute what it says there.). Absent this predicated jurisdictional element from the **Education Credit Union** [sic], expressly renders your Petitioner innocent of violating federal criminal law. **Carrier,** supra, 477 U.S. at 496 (a constitutional violation has probably resulted in the conviction of one who is actually innocent). In, **In Re Winship,** 397 U.S. 358 (US, 1970), the United States Supreme Court held that due process command that the every fact of an offense be proven beyond a reasonable doubt. **Id.** @ 382 (**Black, J.,** dissenting); **Cf., Blakely** v. Washington, 542 U.S. 296 (US, 2004)(facts must be admitted by a defendant or submitted to a jury and proven beyond a reasonable doubt). Application of the Rule of **Winship** and the off-spring to Petitioner's case, confirms that the panoply of the Due Process Clause renders this Petitioner factually innocent of robbing a credit union whose accounts are insured by the National Credit Union Administration Board, and that a constitutional violation, (i.e. due process), has resulted in the conviction of one who is actually innocent of a violation of 18 U.S.C.§ 2113

-6-

by robbery of the **Education Credit Union.** Moreover, it is important to note that neither the plea contract, nor the plea colloquy presented evidence or an allegation of the jurisdictional element necessary to trump a measure of protecting the presumptively innocent.

For this, the conviction must be vacated and Petitioner released by writ of habeas corpus.

## III. THE GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY BECAUSE IT WAS MADE WITHOUT INTELLIGENCE OF THE INSURANCE ELEMENT, AND A FACTUAL BASIS FOR THE GUILT—

It is well settled that for a guilty plea to be constitutionally fit, that plea must be knowing and voluntary, **Padilla** v. Kentucky, 559 U.S. 356 (US, 2010); United States v. **Vonn**, 535 U.S. 55, (2002). Rule 11 of the Federal Rules of Criminal Procedure was designed to "ensure that a guilty plea is knowing and voluntary, by laying out the steps a trial judge must take before accepting such a plea." **Vonn**, 535 U.S. at 58. On such step is determining that Petitioner's guilty plea is supported by an adequate factual basis. Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). The factual basis requirement "protect[s] a defendant who may plead with an understanding of the nature of the charge, but without realizing that his conduct does not actually fall within the definition of the crime charged." United States v. **Johnson**, 546 F.2d 1225, 1226-1227 (CA5, 1977); United States v. **Spruill**, 292 F.3d 207, 215 (CA5, 2002). So the question here turns on whether "the factual conduct" to which Petitioner, Richard Charles Cunningham admitted is sufficient as a matter of law to constitute (1) a violation of the statute, and (2) a knowing and voluntary guilty plea. 18 U.S.C. § 2113 points unmistakenly to the answer. To be sure, under § 2113, the government must prove that Petitioner had an unlawful occasion to enter or attempt to enter a credit union with the intent to commit any larceny. **Id.** "Credit Union" means Federal Credit Union and any State chartered credit union—the accounts

of which are insured by the National Credit Union Admistration Board. As we have effectively noted above, the insurance element was neither admitted by Petitioner during the critical plea negotiation stage; nor submitted to a jury and proven beyond a reasonable doubt. In fact, Petitioner had no information regarding the elements of the charged offense because same were not charged in the plea contract, nor explained to him by counsel or the Court. So, there remains no factual basis for the guilty plea, nor can it be said that the plea was knowing and voluntary. In, United States v. **Washington**, 480 F.3d 309, 315 (CA5, 2007), this Circuit held that to be valid, a guilty plea must be voluntary, knowingly and intelligent. The test for determining a guilty pleas validity is "whether the plea represents a voluntary and intelligent choice  among the alternative courses of action open to the defendant." North Carolina v. **Alford**, 400 U.S. 25, 31 (US, 1970). A court assessing the validity of a guilty plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." **Matthew** v. **Johnson**, 201 F.3d 353, 364-65 (CA5, 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel, **Washington**, 480 F.3d at 315. Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threaten physical harm. or . . . mental coercion overbearing the will of the defendant' or of induced emotions so intensed that the defendant was rendered unable to weigh rational options with the aid of counsel." **Mathews**, 201 F.3d at 365 (quoting **Brady** v. United States, 397 U.S. 742, 750 (US, 1962).

Before accepting a guilty plea, Rule 11 requires that a district court address a defendant personally in open court, inform the defendant of, among other things, the maximum possible penalty and any mandatory minimum penalty and determine that the defendant's plea is knowingly and voluntary, Fed. R.

-8-

Crim. Proc. 11(b)(1), (2). To be knowing and voluntary, a guilty plea must satisfy three core concerns of Rule 11: (1) the plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. **Mosley**, 173 F.3d 1318, 1322 (CA11, 1999).

In this case, Petitioner contends his guilty plea runs head long into the foregoing premise. For instance, as a result of counsel's threats of a draconian penalty, and wholly deficient advice, Petitioner was coerced into pleading guilty. United States v. **Amaya**, 111 F.3d 386 (CA5, 1997)(A plea induced by threats, improper promises, deception or misrepresentation is not voluntary). In addition, Petitioner was not apprised of the nature and cause of the accusations. In that, recall the plea contract, and plea colloquy. Posture reveals this Petitioner was neither charged nor informed of the elements and facts to which he pleaded. In fact, read as we must, only informs Petitioner that he "pleads guilty to the offense alleged in count three of the second superceding indictment, charging a violation of 18 U.S.C.§ 2113¶(a) and (2), that is, Credit Union Robbery and Aiding and Abetting. The contract goes on to suggests that "[t]he defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted into evidence. **Plea Agreement** paper page – 1 and 2. Indeed, the failure to charge Petitioner with the elements of the offense to which he pleaded is a fundamental defect which inherently results in a miscarriage of justice, **Bousley**, 523 U.S. 614 (US, 1998); See, United States v. **Benitez**, 542 U.S. 74 (US, 2004). But for the failure to inform Petitioner of the nature and cause of the accusations, specifically, the elements of the offense, including the insurance element, there is a reasonable probability, Petitioner would not have entered a guilty plea, **Id**. at 83. Finally, Petitioner was otherwise mislead and deceived into

into pleading guilty, due to the misrepresentations of defense counsel, who expressly used threats of punishment and a complete lack of defense to secure the guilty plea. **Cuyler v. Sullivan**, 466 U.S. 335, 344 (US, 1980); **McMann v. Richardson**, 397 U.S. 759, 770-71 (US, 1970). In **Argersinger v. Hamlin**, 407 U.S. 25, 34 (US, 1972), the Supreme Court found that "[c]ounsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." IBID. Petitioner was not particularly aware of the consequences to pleading guilty, because his counsel failed to explain the workings of the United States Sentencing Guidelines, and told him he would receive a sentence of not more than **"7"**-years. As the case proceeded to sentencing, however, Petitioner was blind-sided by the application of a gun-enhancement never explained by counsel, and sentenced to a term of 14-years of imprisonment. In **Padilla**, supra, 599 U.S. at 366, the Supreme Court held that counsel performance falls below an objective standard of reasonableness by failing to inform a defendant of the consequences of the guilty plea, and that deficient performance is prejudicial, (citing **Strickland**, 466 U.S. at 688). Thus, because he was advised by an ineffective assistant, who ignored the duty to adequately advise Petitioner of the consequences of pleading guilty, coupled with the coercion, threats and lack of knowledge of the nature and cause of the accusations, the guilty plea was not knowing and voluntary because it was made without intelligence of the elements of the crime, and a factual basis for guilt.

For this Petitioner must be released.

## IV. COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND THAT DEFICIENT PERFORMANCE WAS PREJUDICIAL—

As clearly set out above, Petitioner demonstrated that but for counsel's erroneous advise, he would have rejected the guilty plea where the plea contract, plea colloquy, and surrounding circumstances showed a lack of compliance with

the Constitution and laws of the United States, was the determinative factor in Petitioner's decision to accept the plea contract.  Counsel's deficient performance locked in the emerging narrative that the guilty plea remains unconstitutional, however and is the driving force behind the conviction of one who is actually innocent.

In **Strickland** v. Washington, 466 U.S. 668 (US, 1984), the United States Supreme Court held that counsel performs unreasonably in the context of guilty pleas a defendant shows a reasonable probability that but for counsel's errors, he would not have pleaded guilty, and would have insisted on going to trial, 466 U.S. at 688; cf. **Hill v. Lockhart**, 474 U.S. 52, 58-59. Counsel's deficient performance in this case deprived Petitioner a plathora of Constitutional Rights, including the right to trial by jury, and proof beyond a reasonable doubt on every element that make up the charged offense by causing him to accept a plea to conduct that fell out-side the range of a violation of federal criminal law. As noted above, Petitioner did in fact admit to participating in the robbery of the **Education Credit Union.** Relying on counsel, Petitioner understood that he could settle the case for his role in the offense by guilty plea, and avoid a sentence of over 7-years of imprisonment. Counsel's advice that Petitioner plead guilty did not include any explanation of the United States burden of proof, and otherwise used the fact that Petitioner participated in a robbery to compel his guilty plea to the federal crime, although the credit union was not the type of agency Congress had in mind when it created the statute. In fact, it remains that we are not authorized to interpret a statute contrary to the plain meaning of words, if doing so would offend what Congress had in mind, **In Re, Hedrick**, 524 F.3d 1175; 1187-88 (CA11, 2008)(amended on reh'g in part, at 524 F.3d 1026 (CA11, 2008). What occasioned here was counsel's

representation second as a play on Petitioner's intelligence. For instance, there is no debate that Petitioner relied on counsel to advise him on pleading guilty. But as the Court can recognize from the plea colloquy, Petitioner's plea was the result of his reliance of counsel's duty to provide effective assistant advice, **Cf**. **Roe v. Flores—Ortega**, 528 U.S. 470 (US, 2000). Indeed, the results of the proceeding are unreliable because counsel's failure to ade- quately advise Petitioner of the elements of the offense of conviction, and the application of the United States Sentencing Guidelines caused a breakdown in the adversarial process. **Strickland**, 466 U.S. at 696. Counsel knew or should have known that the **Education Credit Union** lacked as an element insurance by the **National Credit Union Administration Board**, See, **Williams v. Taylor**, 529 U.S. 362 (US, 2000); **Bryant v. Scott**, 28 F.3d 1411 (CA5, 1994). Of course, counsel could not have advised Petitioner to enter a knowng and intelligent guilty plea without adequate knowledge of the essential elements of the charged offense, **Id**. Contrary to the counsel's performance, there exist a reasonable probability had counsel informed Petitioner that the accounts of the **Education Credit Union** were not federally insure, he would have rejected the plea and proceeded to trial. **Strickland**; United States v. **Kayode**, 777 3d. 719 (CA5, 2014)(**Dennis, J.** dissenting); Also, see **Hill**, 474 U.S. at 59.

For this, the conviction and sentence must be vacated.

## V. TOGETHER WITH COUNSEL'S DEFICIENT PERFORMANCE, THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION AND LAWS OF THE UNITED STATES—

Adding yet another flop to his repertoire, counsel for Petitioner failed to explain the application of the United States Sentencing Guidelines, and misadvised Petitioner on the advantages and disadvantages of pleading guilty, **Padilla**, 559 U.S. at 370 (counsel has the critical obligation . . . to advise the client of the advantages and disadvantages of a plea agreement)(citing,

-12-

**Libretti** v. United States, 516 U.S. 29, 50-51 (US, 1995). Ultimately, it is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly and the lawyer must actually and substantially assist his client in deciding to plead guilty, United States v. **Cavitt**, 550 F.3d 430, 440 (CA5, 2008). Moreover, it is the lawyers job to provide that accused an understanding of the law in relation to the facts. **Id.**

We have already estanblished that it was counsel's deficient performance that lead to the questionable guilty oplea in this case. Counsel simply out-smarted Petitioner, and took full advantage of his standing as a lawyer. But there remains several circumstances of that creates a reasonable probability that but for Counsel's deficient performance, there exist a reasonable probility of a different outcome in the proceedings. For instance, at the deficient performance of counsel, Petitioner proceeded to sentencing under the presumption that he would receive no more than 7-years, which is not inconsistent with the applicable guidelines range resulting from counsel's understanding. But a review of the Guidelines as they apply to the facts of Petitioner's plea, uncovers a procedural error. To be sure, if for example the crime of conviction was a federal offense, we must begin the sentencing determination with a correct calculation of the guidelines, **Gall** v. United States, 552 U.S. 38, 51 (US, 2007), and that guidelines range must not include catergorical "additional evidence." **Molina-Martinez** v. United States, 136 S.Ct. 1338, 1343 (US, 2016).

As a result of the guilty plea, Petitioner's offense of conviction calls for a base offense level of 20 pursuant to United States Sentencing Guidelines, Manual, § 2B3.1. The timely acceptance of responsibility, Petitioner was given a three level decrease, which resulted in a base offense level of 17, based on the facts admitted by him or submitted t a jury beyond a reasonable doubt, **Blakely**, 542 U.S. 301; United States v. **Booker**, 543 U.S. 220 (US, 2005)(6th Amendment jury trial right held to apply to the Sentencing Guidelines). With

-13-

a criminal history score of V, the total Guidelines range is 30 to 37 Months. Indeed, it is clearly uncertain where the 14-years sentence materialized from, even if the plea could be classified as voluntary and knowingly, because nothing in the record suggests specific offense characteristics, nor has the United States proved by a preponderance of evidence facts that would warrant a justification of increased punishment beyond the facts admitted by Petitioner. Perhaps one could reasonably see an increase for the allegedly stolen, but there is simply no justification for the sentence. **Gall**, 552 U.S. at 51.

Together, the fact that counsel's performance during the critical plea and sentencing stage of the case, where he did not protect Petitioner from unjustifiable punishment by objecting or advocating for Petitioner, and the fact that the district court used a incorrect calculation of the Guidelines, which likewise lacks an explanation, the sentence was imposed in violation of the Constitution and laws of the United States and for this, the sentence must be vacated.

### C O N C L U S I O N

**Wherefore,** base on all the foregoing, may it please the Court to GRANT this motion, or issue the order to show cause on the respondent; or set the matter for an evidentiary hearing; and for all other relief just and appropriate under the circumstances of this case.

May it please the Court

/s/ *Charles Cunningham*

**Richard Charles Cunningham, Jr.**

### C E R T I F I C A T E   of   S E R V I C E

This certifies that a true and complete copy of all the foregoing was mailed to the United States District Court for the Northern District of Texas, with Service on the United States attorney's office, this 10 day of July, 2018

/s/Richard Charles Cunningham, Jr.    *Charles Cunningham*

-14-







RECEIVED

JUL 16 2018

U.S. PROBATION
AMARILLO, TEXAS

J. Marvin Jones Federal Building
205 East Fifth Avenue,
Room 103
Amarillo, Texas   79101

CUNNINGHAM, Charles, Jr.
Registration Number: 89315-051
P.O. Box 6000
Federal Corrections Institution
Florence, Colorado   81226

l e g a l    m a i l



RECEIVED

JUL 1 7 2018

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AT AMARILLO

Richard Charles Cunningham,
        Petitioner,

           v.                      CASE NUMBER:

THE UNITED STATES OF AMERICA,
        Respondent.

Dear Honorable Clerk,

      Enclosed please find my Motion pursuant to 28 U.S.C.§ 2255, and support-

ing RIDER in SUPPORT. I am unable to supply the proper number of copies of the

motion, due to the lack of access to a copying machine, and respectfully ask

that your office serve a courtesy copy of my pleadings and motion on the re-

spondent, United States attorney's office. Or alternatively, allow me additional

time to complete service. Also, it should be noticed that I will be submitting

an additional claim of ineffective assistance of counsel (sentencing) after

the case is docketed.

      Thank you for you assistance in this matter,

Respectfully submitted,

/s/ *Charles Cunningham*

Richard Charles Cunningham

This 17 day of July, 2018

cc: file/JLR